

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-27-2008

# Stephenson v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3522

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Stephenson v. Philadelphia" (2008). *2008 Decisions.* Paper 622.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/622

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 06-3522

LATANYA M. STEPHENSON,
Appellant

v.

CITY OF PHILADELPHIA; PRESS GROOMS, DEPUTY
COMMISSIONER PHILADELPHIA PRISON SYSTEM;
DAVID K. ADAMS, WARDEN, PHILADELPHIA PRISON
SYSTEM; WILLIAM E. LAWTON, CAPTAIN, PHILADELPHIA
PRISON SYSTEM; THOMAS COSTELLO, COMMISSIONER
PHILADELPHIA PRISON SYSTEM; LOUIS GIORLA, MAJOR
PHILADELPHIA PRISON SYSTEM

Appeal From the United States District Court
For the Eastern District of Pennsylvania
(No. 05-cv-1550)
District Court: Hon. Thomas N. O'Neill, Jr.

Argued: February 5, 2008

Before: McKEE, AMBRO and IRENAS[*], Circuit Judges

(Filed: August 27, 2008 )

Arthur B. Jarrett, Esq.
James, Jarrett &Schwartz
21 South 12th Street

---

[*]Honorable Joseph Irenas, District Judge, United States District Court for the
District of New Jersey sitting by designation.

Stephen Girard Building, 9th Floor
Philadelphia, PA 19107–0000

<u>Counsel for the Appellant</u>

Eleanor N. Ewing, Esq.
City of Philadelphia
Law Department, 17th Floor
1515 Arch Street, One Parkway
Philadelphia, PA 19102–0000

<u>Counsel for the Appellate</u>

OPINION

McKEE, <u>Circuit Judge</u>.

Latanya M. Stephenson appeals the district court's grant of summary judgment in favor of all defendants in her suit against the City of Philadelphia and various individual defendants claiming gender discrimination based on a hostile work environment, and illegal retaliation resulting in her termination from employment. Stephenson alleged violations of : Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*., the Pennsylvania Human Relations Act ("PHRA"), 43 P.S.§ § 955 (a) and (d), and the Philadelphia Fair Ordinance, 9 Phila. Code. § 1101 et seq. For the reasons that follow, we will affirm.

**I.**

Inasmuch as we write primarily for the parties who are familiar with this case, we need not set forth the factual or procedural history except insofar as it may be helpful to our brief discussion. Our review of the district court's grant of summary judgment is

plenary. *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000). Accordingly, we must apply the same test that the district court would use to determine if there is a genuine issue of material fact. *Boyle v. County of Allegheny Pennsylvania*, 139 F.3d 386, 393 (3d Cir. 1998).

In order to establish a hostile work environment under Title VII, Stephenson must show that: (1) she suffered intentional discrimination because of her gender, (2) the discrimination was severe or pervasive, (3) the discrimination detrimentally affected her, (4) it was sufficiently severe to have detrimentally affected a reasonable woman in her position, and (5) a *prima facie* case of respondeat superior liability against her employer. *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1482 (3d Cir. 1990). The district court held that Stephenson failed to present sufficient evidence to raise any genuine question of material fact as to the first four elements of a hostile work environment claim, and thus did not address the fifth element.

We have reviewed the district court's thoughtful Memorandum, and believe it adequately and accurately explains why the record here does not present a genuine issue of material fact. As the district court noted, the analysis of Stephenson's Title VII claims and her claims under the Pennsylvania Human Relations Act are identical. *See Weston v. Pennsylvania*, 251 F.3d 420, 426 n.3 (3d Cir. 2001).

Stephenson argues that she was treated as a "sex object," Appellant's Br. at 28, and that the environment she worked in had been converted "into a men's club

3

atmosphere . . ." that was "degrading and humiliating. . .". *Id*., at 32. Her claims rest on allegations relating to 9 separate incidents of harassment and discrimination. The district court systematically discussed each of those incidents and showed why there is no genuine issue of fact as to any one of them. The nine incidents span nearly two years and we agree with the district court's conclusion that, even considered together, they do not rise to the level of "severe and pervasive" harassment. We therefore affirm the district court's rejection of the claim of a hostile environment substantially for the reasons set forth in the district court's thoughtful Memorandum.

We also reject Stephenson's claim of retaliation for making a complaint to the Equal Employment Opportunity Commission. To establish a *prima facie* case of a retaliatory employment action, a plaintiff must show that (1) she engaged in conduct protected by Title VII, (2) her employer took an adverse employment action against her, and (3) a causal link exists between the protected conduct and the adverse action. *Charlton v. Paramus Board of Education*, 25 F.3d 194, 201 (3d Cir. 1994). Separation from employment can certainly constitute an actionable adverse employment action under Title VII if one is terminated for engaging in protected activity. *See Slagle v. County of Clarion*, 435 F.3d 262 (3d Cir. 2006). We agree with the district court's conclusion that the record does establish a *prima facie* case of illegal retaliation.

Pursuant to the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), once a plaintiff establishes a *prima facie* case of illegal retaliation

4

under Title VII, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for the action. *McDonnell Douglas*, *Id.* at 802. We agree with the district court's conclusion that the City provided a legitimate reason for the separation; Stephenson never submitted paperwork the City required for leave under the FMLA. Thus, the burden shifted back to Stephenson to show that that was merely a pretext for discrimination. *Id.*

Here, it is not disputed that Stephenson stopped coming to work and that her physician did not forward appropriate paperwork to her employer that was required to verify her request for leave. In addition, Stephenson failed to attend a disciplinary hearing against Officer Burnette even though the hearing was held pursuant to Stephenson's complaint against that officer. It is not surprising that the "City concluded that Stephenson had abandoned her employment and separated her . . .". Appellee's Br. at 10.

Stephenson has not produced any evidence to show that the employer's tendered reason for terminating her was pretextual. Moreover, we find nothing on this record to support her claim that she was actually terminated because she engaged in protected activity. On the contrary, Stephenson admits that she did not submit the proper FMLA paperwork and offers no explanation for why she failed to do so or failed to contact the Philadelphia Prison System about the missing paperwork.

**II.**

5

Accordingly, for the reasons set forth above, we will affirm the order of the district court.